## IN THE UNITED STATES DISTRICT COURT FOR MIDDLE DISTRICT OF ALABAMA

RECEIVED

2019 DEC 30 P 12: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Adonnis McGhee #220262 )
   (Plaintiff) )
)
Vs. )
) Civil Action No: 2:19-CV-1090-WHA-CSC
Alabama Department of Corrections )
 Commissioner: Jefferson Dunn )    (Supplied by clerk)
WardenIII:Joesph Headley, Captain Smith, )
CO1Officer Murphy,C01 Officer Lester,et. al. )
**Individual & Official Capacity**
**DEMAND JURY TRIAL**
   (Defendant's)

## JURISDICTION

A.   This is a civil action authorized by **42 U.S. C. 1983** to redress the deprivation under the Color of State Law of Rights secure by the **U.S. Constitution**. This court has jurisdiction under **28 U.S.C. 1331 and 1343 (a) (3).** Plaintiff McGhee seeks declaratory relief pursuant to **28 U.S.C. 2201 & 2202**.

B.   The Middle District of Alabama is the appropriate court under **28 USC 2283 & 2284 and Rule 65 of Federal Rules of Civil Procedure.**

## PLAINTIFF

C.   Plaintiff McGhee is at all times mentioned herein a prisoner of the State of Alabama, in the custody of Alabama Department of Corrections, He is currently confined at Hamilton Aged & Infirmed Facility, with a physical address of 223 Sasser Drive Hamilton, Alabama 35570.

## DEFENDANT'S

D.   Jefferson Dunn is the commissioner for Alabama Department of Corrections and is legally responsible for the operation of this department.

E.   Defendant Warden Joseph Headley is currently the Warden at Staton Correctional Facility [Physical Address of 2906 Marion Spillway Road Elmore,AL 36025] and mailing address of P.O. Box 56, Elmore, Alabama 36025 and is responsible for the security and welfare of all inmates and officers at said prison.

F.   Captain Smith is currently the Captain of security at Staton Correctional Facility and responsible for all inmates and officers under his command.

G.   Officer Murphy correctional Officer 1 (first shift) and John Doe who is at the time mentioned in this complaint, held the rank of correctional officer and is assigned to Staton Correctional Facility.

H.   Each defendant is sued in there individual and official capacity, as mentioned in this complaint each defendant acted under the Color of State Law.

## FACTS

On or around December 6, 2019, defendants failed to protect plaintiff from an assault by correctional officers within Staton Correctional Facility 2906 Marion Spillway Rd Elmore,Al 36025.

On or around said date plaintiff walk into dorm "B" to received information in regards to his personal property from inmate D. Austin. Defendant Murphy ask the plaintiff where was he heading due to the fact that he was no longer assigned to dorm "B", he informed Officer Murphy that he was going to retrieve his personal property.

When plaintiff located inmate D.Austin.Austin informed plaintiff that his pernonal property had been place into the property room.Plaintiff then proceeded to exited the dormitory,that is when plaintiff recognized officer Murphy and officer Lester behind him and inmate D.Austin

Plaintiff McGhee notified officer Murphy he was going to the shift office concerning his property.Officer Murphy then began spraying mace in the back of

plaintiffs head.

Plaintiff then threw his hands in the air and dropped to his knees.Officer Murphy then took out his baton and said,"THIS IS FOR ACTING LIKE YOU ARE SO TOUGH",and struck plaintiff in his back,left leg, and left arm.While officer Lester and john Doe's 1-4 stood there and watched,along with inmated D.Austin.

Then one of the officer John Doe's placed plaintiff in handcuff, and escorted plaintiff outside where another officer John Doe hit plaintiff in the left side of his head with a blunt instrument.

Plaintiff, was escorted to the institution barber shop where Sgt. Bennett told him to wash the spray out of his eyes.Sgt.Bennett then began to question plaintiff about the incident that occured.

Plaintiff, then informed Sgt. Bennett that he did not feel safe talking with any Department of Correction Officials and plaintiff requested to see mental health because plaintiff was having suicidal thoughts.

However,plaintiff request which was denied and plaintiff was escorted to prison infirmary to get a body chart by john doe#1 and john doe#2.

Plaintiff informed the nurse on duty that he did not feel safe at staton correctional facility. plaintiff also inform nurse that his arm was hurting.And he requested medical attention.Plaintiff was denied medical treatment and placed in a single cell.

Plaintiff was then placed into a single cell where he refused to eat or drink anything that Departmentment of Correction officials brought him.After 48 hrs plaintiff was allowed to see mental health,where he notified them he feared for his life and was having suicidal thoughts.

Plaintiff was placed into a crisis cell on Non Acute crisis.Plaintiff then told the mental health staff that he can not even rely on mental health in this institution,

because he knew he was supposed to be on ACUTE watch which requires 24 hrs supervision. Plaintiff was then placed into crisis cell where he remained until he was transfered to Hamilton A&I on or Around December 9th or 10th 2019.

After plaintiff arrived at Hamilton A&I plaintiff was placed into crisis and put under 24 hrs obersevation.Plaintiff was seen by mental health counselor Ms. Gardener who notice plaintiff was holding his left arm close to his chest. Counselor asked plaintiff what happened.

Plaintiff then informed her about the incident that occurred at Staton Correctional Facility. Ms.Gardener then notified the Captain Holcomb of the Hamilton A & I of what plaintiff said.Plaintiff was then given another body chart by hamilton infirmary.

Then plaintiff was sent to North Mississippi Medical Center to get a X-Ray.That is where plaintiff was notified that his left arm was broken.Plaibtiffs' arm was set in a temporary cast and he was transported back to Hamilton A&I and placed back into the crisis cell under observation.

## LEGAL CLAIM

Plaintiff alleges and incorporate paragraph A-H, defendant Murphy used excessive force against plaintiff McGhee by intentionally breaking his arm.Plaintiff was not posing any threat towards officer Murphy ,nor was plaintiff acting disruptive towards any DOC official.

Defendant's actions violated plaintiff rights to the 8th amendment(Cruel and unusual punishment), and 14th amendment(equal protection of the law), declared in the United States Constitution. which caused plaintiff to suffer physical and emotional injury and physical and emotional distress.

## RELIEF SOUGHT

WHEREFORE UNTO, plaintiff respectfully pray this Honorable Court enter an order Granting plaintiff McGhee a declaration that actS towards the omission described herein, which violated his rights under The U.S Constitution.

Plaintiff prays this Honorable Court award a preliminary and permanent injunction ordering defendant to cease their physical violence and threats toward plaintiff.

Granting McGhee compensatory damage in the amount of 40,000.00 against each defendant.

Granting McGhee punitives damage in the amount of 160,000.00 against each defendant.

Nonmial damages in the amount of 1.00 and in other the court deem necessary.

Submitted this the 23rd day of December 2019.

_____
Plaintiff

## VERIFICATION

I have read the forgoing complaint pursuant to **28 U.S.C. 1746** verify under the penalty of purjury the foregoing is true and correct. Done this _____ day of December 2019

_____
Plaintiff

SWORN TO ANS SUBSCRIBED BEFORE ME THIS 23rd DAY OF DECEMBER, 2019.

_____  _____
NOTARY    PUBLIC                 AFFIANT/PETITIONER


3/29/2020
MY COMMSSION EXPIRES:

Adonnis McGhee
AIS #220262
Hamilton A&I
223 Sasser Dr.
Hamilton AL, 35507

BIRMINGHAM AL 350
26 DEC 2019 PM 3

Middle District of Alabama
1 Church St.
Montgomery AL, 36104

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communications."

LEGAL MAIL