IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ADONIS McGHEE, #220262, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-1090-RAH |
| | ) |
| JEFFERSON DUNN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Adonis McGhee, an indigent state inmate currently incarcerated at the Limestone Correctional Facility. In the present complaint, McGhee challenges the constitutionality of force used against him by a correctional officer at the Staton Correctional Facility on December 6, 2019 and the failure of another officer to protect him from this attack. Doc.1 at 2–4. McGhee seeks issuance of a preliminary injunction "ordering defendant[s] to cease their physical violence and threats toward plaintiff." Doc. 1 at 5. Additionally, on April 6, 2020, McGhee filed a motion for temporary injunction in which he challenges the handling of his legal mail by correctional officials at Limestone and seeks preliminary injunctive relief against those officials. Doc. 32. McGhee states that the actions taken regarding his legal mail are due to intensified efforts to stem the flow of contraband—i.e., chemical agents—coming into correctional facilities. Doc. 32 at 2. The court therefore construes this motion as a motion for preliminary injunction.

Upon review of the motions for preliminary injunction filed by McGhee and under the current circumstances of this case, the court concludes that these motions are due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if McGhee meets each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.* at 1329; *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983).  "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotation marks omitted) (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)); *see Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that a grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's ability to establish any of the other requisite elements. *Church v.*

*City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

McGhee is no longer incarcerated at Staton.  Thus, the court finds that any request for preliminary injunctive relief regarding his treatment at Staton is moot.  The motion for preliminary injunction contained in the complaint is therefore due to be denied.

With respect to the motion for preliminary injunction addressing the handling of McGhee's legal mail at Limestone, the court finds that this motion is likewise due to be denied because the injunctive relief sought in this motion is wholly unrelated to the claims presented in the instant complaint and seeks relief from individuals who are not parties to this cause of action.  Moreover, turning to the first prerequisite for issuance of preliminary injunctive relief, McGhee fails to demonstrate a substantial likelihood of success on the merits of the claims for which he seeks injunctive relief.  McGhee likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction.  The third factor, balancing potential harm to the parties, weighs in favor of correctional officials, as issuance of the injunction would have an adverse effect on the ability of prison personnel to exercise their professional judgment in determining the appropriate manner in which to provide security at correctional facilities.

Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, McGhee has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief requested in the second motion for such relief.[1]

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motions for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back to the undersigned for additional proceedings on the claims pending before the court.

On or before **May 12, 2020** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a

---

[1] If the plaintiff seeks to obtain relief regarding the manner in which his legal mail is handled at the Limestone Correctional Facility, his proper avenue for relief is to file a separate 42 U.S.C. § 1983 complaint in the United States District Court for the Northern District of Alabama challenging these actions.

party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, on this the 27th day of April, 2020.

                                              /s/ Susan Russ Walker
                                              Susan Russ Walker
                                              United States Magistrate Judge